Renee **TILLMAN, individually and as Successor–in–Interest to the Estate of Timmy Wayne Tillman, Plaintiff–Appellee,**

v.

**FREIGHTLINER, LLC, Defendant–Appellant.**

**No. 05–55945.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed Aug. 9, 2007.

Terrence E. McCartney, Esq., Simcha D. Schonfeld, Esq., Paul D. Rheingold, Esq., Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP, New York, NY, Brian J. Panish, Esq., Greene Broillet Panish Shea & Boyle, Los Angeles, CA, for Plaintiff–Appellee.

Theodore J. Boutrous, Jr., Esq., Gibson Dunn & Crutcher, LLP, Friedrich W. Seitz, Esq., Murchison & Cumming, Los Angeles, CA, Marie R. Yeates, Esq., Vinson & Elkins, L.L.P., Houston, TX, for Defendant–Appellant.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Freightliner LLC (Freightliner) appeals the district court's denial of its motion for a new trial and for judgment as a matter of law. Freightliner also challenges the amount of non-economic damages awarded by the jury.

**1.** Sufficient evidence supported the jury's verdict that Freightliner was liable pursuant to California's consumer expectations test. *See Boeken v. Philip Morris Inc.*, 127 Cal.App.4th 1640, 1668, 26 Cal. Rptr.3d 638 (2005), *cert. den.*, 547 U.S. 1018, 126 S.Ct. 1567, 164 L.Ed.2d 297 (2006). Accordingly, the district court did not abuse its discretion by instructing the jury pursuant to the consumer expectations test. *See McCabe v. Am. Honda Motor Co.*, 100 Cal.App.4th 1111, 1124, 123 Cal.Rptr.2d 303 (2002).

**2.** Sufficient evidence also supported the jury's verdict that Freightliner negligently designed the truck. *See Rutherford v. Owens–Illinois, Inc.*, 16 Cal.4th 953, 67 Cal.Rptr.2d 16, 941 P.2d 1203, 1214 (1997). Freightliner's adherence to safety

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

standards and industry custom does not preclude liability. *See Buell–Wilson v. Ford Motor Co.,* 141 Cal.App.4th 525, 545, 46 Cal.Rptr.3d 147 (2006), *as modified, judgment vacated on other grounds,* —— U.S. ——, 127 S.Ct. 2250, 167 L.Ed.2d 1087 (2007); *see also Hernandez v. Badger Constr. Equip. Co.,* 28 Cal.App.4th 1791, 1830–31, 34 Cal.Rptr.2d 732 (1994). The jury's verdict, therefore, was not "a seriously erroneous result." *In re First Alliance Mortgage Co.,* 471 F.3d 977, 991 (9th Cir.2006) (citation and internal quotation marks omitted).

3. The district court did not abuse its discretion in holding that Mr. Harvill's deposition statements were not inconsistent with the proffered statements of Freightliner's investigator. *See United States v. Higa,* 55 F.3d 448, 453 (9th Cir.1995) ("The trial judge has a high degree of flexibility in deciding how much inconsistency is enough to permit use of a prior statement for impeachment.") (citation and internal quotation marks omitted).

4. Neither did the district court abuse its discretion by excluding the hearsay testimony of Freightliner's sketch artist, as Freightliner failed to establish that any hearsay exception applied. *See Los Angeles News Serv. v. CBS Broad., Inc.,* 305 F.3d 924, 934, *as amended by* 313 F.3d 1093 (9th Cir.2002) (A proponent of evidence bears "the burden of establishing a foundation from which to conclude that the statement was within a hearsay exception.") (citation omitted).

5. Any instructional error concerning causation was harmless because Freightliner's theory of defense was covered. *See Soule v. Gen. Motors Corp.,* 8 Cal.4th 548, 34 Cal.Rptr.2d 607, 882 P.2d 298, 318 (1994).

6. Freightliner failed to establish that the punitive damages claim and corresponding jury instructions influenced the jury's future non-economic damages award. Opposing counsel's arguments were made only in the context of punitive damages, and the district court extensively instructed the jury concerning the requirements for punitive and compensatory damages. Freightliner's argument that the compensatory damages award violated due process has been rejected by California courts. *See Buell–Wilson,* 141 Cal. App.4th at 557–58, 46 Cal.Rptr.3d 147.

■ 7. Because the district court did not commit reversible error in instructing the jury, and because substantial evidence supports the jury's verdict, Freightliner is not entitled to a new trial as a matter of law or to judgment as a matter of law. *See Ostad v. Oregon Health Sci. Univ.,* 327 F.3d 876, 885 (9th Cir.2003); *see also Josephs v. Pacific Bell,* 443 F.3d 1050, 1062–64 (9th Cir.2006), *as amended.* However, the district court erred in not reducing the jury's award for future noneconomic damages, as the jury awarded approximately four times the amount requested by plaintiff's counsel, which is evidence of passion and prejudice. *See Buell–Wilson,* 141 Cal. App.4th at 552–54, 46 Cal.Rptr.3d 147. The district court, therefore, is ordered to reduce the future non-economic damages award to $3.85 million. This sum approaches the pro rata amounts awarded to the plaintiffs in a case involving murder rather than accidental death. *See Rufo v. Simpson,* 86 Cal.App.4th 573, 613–14 & n. 13, 103 Cal.Rptr.2d 492 (2001) (awarding the sum of $8.5 million to two plaintiffs); *see also Watec Co., Ltd. v. Liu,* 403 F.3d 645, 655 (9th Cir.2005) ("Where there is no evidence that passion and prejudice affected the liability finding, remittitur is an appropriate method of reducing an excessive verdict . . .") (citation omitted). If the Plaintiff is unwilling to accept the remittitur, Freightliner is entitled to a new trial. *See Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1385, 1387 (9th Cir.1987), as

amended (concluding that if a damages award is excessive, the court may give the prevailing party "the option of either submitting to a new trial or accepting a reduced amount of damage which the court considers justified") (citations omitted).

The denial of Freightliner's motion for new trial and judgment as a matter of law is **AFFIRMED.** However, this case is **REMANDED** for a reduction of the future non-economic damages award to $3.85 million or, in the alternative, for a new trial.